IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| (CHIEF) COL. MICHAEL S. OWL FEATHER-GORBEY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 5:22-00354 |
| WARDEN, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

By Order entered on August 26, 2022, United States Magistrate Judge Dwane L. Tinsley construed Ground Four of Plaintiff's Amended Section 2241 Petition as new civil action under Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971), thereby initiating the above action.[1] (Document Nos. 1 and 1-1.) In Ground Four, Plaintiff argues that Bureau of Prison ("BOP") staff violated his due process rights concerning his Special Management Unit ("SMU") referral and custody classification.[2] (Id., p.

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] BOP Program Statement 5217.01 provides that an inmate may be referred to the SMU if certain criteria is satisfied. Specifically, P.S. 5217.01 provides as follows:
> Designation to a SMU may be considered for any sentenced inmate whose interaction requires greater management to ensure the safety, security, or orderly operation of Bureau facilities, or protection of the public, because the inmate meets any of the following criteria:
- Participated in disruptive geographical group/gang-related activity.
- Had a leadership role in disruptive geographical group/gang-related activity.
- Has a history of serious or disruptive disciplinary infractions.
- Committed any 100-level prohibited act, according to 28 CFR part 541, after being classified as a member of a Disruptive Group pursuant to 28 CFR part 524.
- Participated in, organized, or facilitated any group misconduct hat adversely

12.) Specifically, Plaintiff argues that BOP staff changed his custody classification to maximum on August 10, 2021, based on Incident Report No. 3534245 prior to Plaintiff being convicted of the charge. (Id.) Plaintiff contends that the charge was based on fabricated information. (Id.) Plaintiff further states that he was subject to the SMU referral before any appeal was made available. (Id.) Plaintiff requests expungement of the disciplinary findings and denial of the SMU referral. (Id.)

By Order entered on August 30, 2022, the undersigned directed Plaintiff to either pay the filing and administrative fee totaling $402 or file an Application to Proceed *in Forma Pauperis*. (Document No. 3.) On September 12, 2022, Plaintiff filed his Application to Proceed *in Forma Pauperis* and "Arguments to Support Leave for IFP § 1915(g)." (Document Nos. 4 and 5.) In his "Arguments to Support Leave for IFP § 1915(g)," Plaintiff argues that he does not qualify for SMU placement and such puts him in "imminent danger." (Document No. 5, pp. 1 – 2.) Plaintiff complains that Defendants falsified information and violated his due process rights "in his SMU referral papers." (Id.) Plaintiff contends that his placement in a maximum custody facility subjected Plaintiff "to a variety of seriously violent and mentally ill federal offenders threating [Plaintiff's] safety." (Id.) Plaintiff then complains about the conditions of his confinement at USP Thomson, where he was transferred to in April 2022. (Id., pp. 2 – 13.) Plaintiff contends that staff at USP Thomson are acting with deliberate indifference to his medical needs and safety. (Id.) Plaintiff further asserts that staff at USP Thomson are subjecting him to "harassing shake downs" and "harassing cell searches." (Id.)

---

   affected orderly operation of a correctional facility.
- Otherwise participated in or was associated with activity such that greater management of the inmate's interaction with other persons is necessary to ensure the safety, security, or orderly operation of Bureau facilities, or protection of the public.

On September 15, 2022, Plaintiff filed his Amended Complaint for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971) and negligent conduct pursuant to Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.* (Document No. 6.) As Defendants, Plaintiff names the following: (1) A. Arias, SMU Hearing Officer; (2) Unknown Name, Assistant Senior Deputy Director DSCC; (3) Administrator Grand Prairie TX Designation Center; (4) Smith, FCI Beckley Unit Manager; (5) Morris, FCI Beckley Unit Counselor; (6) Patrucci, Mid-Atlantic Regional Director; (7) Ian Conner, FBOP Central Office Regional Director; (8) Warden Young, FCI Beckley; (9) Rich, Associate Warden FCI Beckley; (10) Ratliff, Unit Case Manager FCI Beckley; (11) O'Mally, Case Manager Coordinator FCI Beckley; (12) Warden Heckard, FCI Beckley; (13) United States of America; (14) McCallattan, DHC Secretary FCI Beckley; and (15) Leslie, DHC FCI Beckley. (Id.) First, Plaintiff appears to request monetary damages for injuries allegedly suffered from an "assault" by "FCI Beckley Staff."[3] (Id.) Plaintiff states that he has "possible surgeries in the future." (Id.) Second, Plaintiff argues that his due process rights were violated when Unit Manager Smith required Plaintiff to sign to receive a SMU referral notice without notifying Plaintiff of his "rights." (Id.) Plaintiff also claims that he requested but was denied staff assistance during his SMU referral hearing. (Id.)

---

[3] In Civil Action No. 5:22-00053, Plaintiff requested IFP status based on this exact same allegation concerning an alleged assault by FCI Beckley staff. By Memorandum Opinion and Order entered on May 26, 2022, United States District Judge Frank W. Volk denied Plaintiff's Application to Proceed in Forma Pauperis and dismissed his Complaint. Additionally, Plaintiff appears to have asserted the exact same claim against officers at USP Thomson. *Gorbey v. USP Thomson*, 2023 WL 2755587 (7th Cir. April 3, 2023)(Alleging an assault by officers at USP Thomson "damaged nerves in his neck and fractured bones in his right hand, left wrist, and left elbow"). To the extent Plaintiff alleged he was suffering due to "untreated severe pain, nerve damage, and bone fractures," the Seventh Circuit determined Plaintiff satisfied the imminent-danger exception and granted Plaintiff IFP status limited to the foregoing claim. *Id.*

Plaintiff claims that "designating him a non-violent D.C. State Offender to the seriously violent FBOP SMU clearly poses a significant threat to [Plaintiff's] safety." (Id.) Third, Plaintiff contends that staff at FCI Beckley violated his due process rights by failing to serve him with disciplinary charges with 24 hours, failing to allow Plaintiff to call witnesses during the DHO hearing, and withholding the DHO's final report for four months. (Id.) Plaintiff further asserts DHO Leslie subjected Plaintiff to double jeopardy by "obtaining convictions on 3 unjust disciplinary actions" (Incident Reports 3534245, 3521613, and 3525508). (Id.) As a result of the disciplinary proceedings, Plaintiff complains that he lost privileges for several months and such disciplinary violations should be expunged due to a violation of his due process rights. (Id.) Fourth, Plaintiff appears to argue that Senior Assistant Deputy Director, Regional Director Patrucci, and Unit Manager Smith acted with deliberate indifference to Plaintiff's safety by subjecting Plaintiff to a SMU referral. (Id.) Finally, Plaintiff complains that staff at USP Thomson are (1) acting with deliberate indifference to his medical needs and safety and (2) subjecting him to unconstitutional conditions of confinement. (Id.) As relief, Plaintiff requests monetary damages and injunctive relief.[4] (Id.)

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") contains a provision known as the "three-strikes rule." See 28 U.S.C. § 1915(g); Lomax v. Ortiz-Marquez, ___ U.S. ___, 140 S.Ct. 1721,

---

[4] By Memorandum Opinion and Injunction Order entered on February 4, 2022, United States District Judge Frank W. Volk enjoined Plaintiff "from filing any new civil action in the United States District Court for the Southern District of West Virginia relating to the deprivation of his constitutional rights through alleged bias, prejudice, or collusion of governmental actors unless he first obtains leave of the Court through the procedure outlined in this Memorandum Opinion and Order, pays the filing fee in full, or obtains representation by an attorney duly licensed to practice law in the state of West Virginia and admitted before this Court." (Civil Action No. 5:21-cv-00367, Document No. 30 and Case No. 5:22-mc-000019)

1723, 207 L.Ed.2d 132 (2020). The three-strikes rule restricts the right to proceed without payment of the filing fee for prisoners who repeatedly file meritless claims. Specifically, Section 1915(g) provides as follows:

> In no event shall a prisoner bring in a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In the instant case, there is no question that Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failing to state a viable claim. See Feather-Gorbey v. Dunbar, 787 Fed.Appx. 824, 825 (4th Cir. 2019)("It is undisputed that Gorbey has had, on at least three occasions, an action or appeal dismissed on the grounds that it was frivolous, malicious, or failed to state a claim."); Feather-Gorbey v. Morris, 2021 WL 3131320, * 2 (S.D.W.Va. July 12, 2021)("There is no doubt that Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failing to state a claim."); Feather-Gorbey v. Vest, 2021 WL 2932738, * 2 (S.D.W.Va. July 12, 2021)(same); Feather-Gorbey v. Assistant Warden Crickard, et al., 2021 WL 1811563, * 3 (D.S.C. May 6, 2021)("Gorbey is a prolific filer who is subject to the three-strikes provision set forth in 28 U.S.C. § 1915(g)."); Gorbey v. Geisinger Eye Center, 2021 WL 1792086, * 2 (M.D.Pa. May 5, 2021)("There is no question that Gorbey has had more than three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim."); Gorbey v. The Federal Bureau of Alcohol, et al., Civil Action No. 5:11-cv-126 (N.D.W.Va. March 14, 2012)(finding that Mr. Gorbey had filed eleven cases that have been dismissed as frivolous or for failing to state a claim); Gorbey v. District of Columbia, et al., Civil Action No. 2:09-cv-151 (S.D.Ind. 2009)(finding that Mr. Gorbey is barred from proceeding *in*

5

*forma pauperis* due to his three strike status under Section 1915(g)); Gorbey v. Mubarek, 2019 WL 5593284, * 1 (D.Md. Oct. 30, 2019)(listing eleven cases that qualify as a strike). Since Plaintiff is subject to the three-strikes rule, Plaintiff may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the above action.

"[T]he imminent danger 'must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred.'" Feather-Gorbey, 787 Fed.Appx. at 825(citing Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)); also see Meyers v. Commoner of Social Security Admin., 801 Fed.Appx. 90, 96 (4th Cir. 2020)(The imminent danger must be a danger that is "close at hand, not a past infraction" and "must have some nexus or relation to those of the underlying complaint.") The plaintiff "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Johnson v. Warner, 200 Fed.Appx. 270, 272 (4th Cir. 2006). A plaintiff's allegations must show that the "conduct complained of threatens continuing or future injury," not just that plaintiff "deserves a remedy for past misconduct." Id.

A review of Plaintiff's Complaint and Amended Complaint pursuant to Section 1915(g) reveals that Plaintiff should not be granted *in forma pauperis* status because Plaintiff has not demonstrated an imminent danger of serious physical injury. The underlying claims of Plaintiff's Complaint and Amended Complaint are that his due process rights were violated during the SMU referral process and during disciplinary hearings at FCI Beckley. In an attempt to satisfy the imminent danger standard, Plaintiff bootstraps claims concerning conditions of confinement at

USP Thomson. These conditions of confinement challenges occurred at USP Thomson and after the filing of Plaintiff's initial Petition/Complaint wherein Plaintiff's asserted a due process claim that occurred at FCI Beckley. See Hall v. United States, 44 F.4th 218, 224 (4th Cir. 2022)("[T]he exception is triggered only if the incarcerated person alleges sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury *at the time of the filing*.")(emphasis added).[5] Plaintiff merely concludes that designating him to a SMU clearly poses a significant threat to Plaintiff's safety. In support, Plaintiff notes that he will be housed with violent inmates. Plaintiff's conclusory and speculative allegations simply do not demonstrate a serious physical injury, or a threat of serious physical injury. Plaintiff has previously raised some of these identical imminent danger claims, and such have been repeatedly rebuffed by courts, which have found that his allegations do not show imminent danger of serious injury. See Feather-Gorbey v. Administrator FBOP Designation Center, Grand Prairie Texas, 2022 WL 993929 (N.D.Tx. March 11, 2022)(finding that Gorbey's allegation that he is improperly housed with high or maximum level violent federal offenders failed to meet the imminent danger standard); Gorbey v. USP Thomson, 2022 WL 19342514 (N.D.Ill. June 15, 2022)(finding plaintiff's conclusory allegations of imminent danger based on housing with violent individuals, suffering from glaucoma, and denial of access to court, failed to satisfy the plausibility standard regarding imminent harm), *rev'd on other grounds*, 2023 WL 275587 (7th Cir. 2023); Feather-Gorbey v. King, et al., 2021 WL 1792096, * 2 (M.D.Pa. May 5, 2021)(finding that Gorbey's allegations that

---

[5] Plaintiff filed his Petition in Civil Action 5:22-cv-0007 on January 4, 2022. Plaintiff acknowledges that he was transferred from FCI Beckley in April 2022. All of Plaintiff's claims in support of his imminent danger argument are based upon the conditions of his confinement at USP Thomson. The undersigned notes that USP Thomson is not located within this District. To the extent Plaintiff wishes to challenge these conditions, Plaintiff should initiate an action in the Northern District of Illinois.

he was assaulted, at risk of further assaults, and denied access to the courts failed to meet the imminent danger standard); Gorbey v. Geisinger Eye Center, et al., 2021 WL 1792086, * 2 - 3 (M.D.Pa. May 5, 2021)(finding that Gorbey's allegations of being denied proper treatment for his glaucoma, access to the courts, and access to the administrative remedy program failed to meet the imminent danger standard); Feather-Gorbey v. Swann, et al., 2021 WL 1741854, * 2 – 3(M.D.Pa. May 3, 2021)(finding that Gorbey failed to demonstrate imminent danger based upon his claims that he was assaulted and threatened by inmates, he was deliberately exposed to COVID, denied proper medication for glaucoma, and suffered injuries after falling from the top bunk); Feather-Gorbey v. Biden, et al., 2021 WL 743297, * 1 – 2 (M.D.Pa. Feb. 25, 2021)(finding Gorbey's allegations concerning election fraud failed to show an imminent threat of harm); Feather-Gorbey v. Black, et al., 2021 WL 37993, * 2 (M.D.Pa. Jan. 5, 2021)(finding Gorbey failed to show imminent danger of serious physical injury based upon allegations that "staff members placed him in a cell with occupied beds, ignored his requests for assistance and, ultimately – after placing him in physical restraints – threatened him with a new, abusive cellmate."); Feather-Gorbey v. Spaulding, 2020 WL 7323900, * 1 - 2 (M.D.Pa. Dec. 11, 2020)(finding that no danger of imminent harm where Gorbey's claim of improper medical treatment was speculative and the danger alleged was entirely in the past); Gorbey v. Spaulding, et al., 2020 WL 6787493, * 2 (M.D.Pa. Nov. 17, 2020)(finding Gorbey's allegations concerning improper medical care, denial of a lower bunk pass, and failure to accommodate his right to practice his religion failed to show an imminent threat of harm); Feather-Gorbey v. Federal Bureau of Prisons, 2020 WL 6107050, * 2 (M.D. Pa. Oct. 15, 2020)(finding Gorbey failed to show that he was imminent danger of serious physical injury based on his claim that he was denied proper medical treatment for his glaucoma, assigned to a top bunk despite suffering from chronic injuries, being exposed to lead paint and excessive lighting, denied

protection from assault, and denied access to the administrative remedy program); Feather-Gorbey v. Gass, et al., 2020 WL 6107049, * 2 (M.D.Pa. Oct. 15, 2020)(concluding that Gorbey failed to show that he was imminent danger of serious physical injury based on his claim that he was assigned to a top bunk, failed to receive proper medical treatment for his glaucoma, and was being denied access to the administrative remedy program); Owl Feather-Gorbey v. United States, et al., 2020 WL 6144568, * 1 (D.D.C. Sep. 29, 2020)(finding that Gorbey's allegations of judicial bias did not qualify as imminent danger of serious physical injury); Gorbey v. Mubarek, 2019 WL 5593284, * 5 (D.Md. Oct. 30, 2019)(finding Gorbey's allegation concerning inadequate medical care and prison staff encouraging violence did not create an imminent danger to his safety); Gorbey v. Dunbar, et al., 2019 WL 5339607, * 7 (D.Md. April 24, 2019)(finding Gorbey failed to demonstrate imminent danger of harm based on his alleged need for a lower bunk pass, medical braces/shoes, and glaucoma treatment), aff'd, 787 Fed.Appx. 824 (4th Cir. 2019). Based upon the foregoing, the undersigned finds that Plaintiff's *in forma pauperis* status should be denied because Plaintiff has failed to demonstrate that he was in imminent danger of serious physical injury at the time of filing.[6]

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *In Forma Pauperis* (Document No. 4), **DISMISS** Plaintiff's Complaint

---

[6] Plaintiff initiated an action in the Northern District of Texas asserting nearly identical claims. The District Court denied Plaintiff *in forma pauperis* status because Plaintiff failed to demonstrate that he was in imminent danger of serious physical injury. *See Feather-Gorbey v. Administrator FBOP Designation Center, Grand Prairie Texas*, 2022 WL 993929 (N.D.Tx. March 11, 2022), *report and recommendation adopted*, 2022 WL 992598 (N.D.Tx. March 30, 2022).

(Document No. 1) and Amended Complaint (Document No. 6) without prejudice pursuant to 28 U.S.C. § 1915(g), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: June 23, 2023.



Omar J. Aboulhosn
United States Magistrate Judge